**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

PACIFIC ALLIANCE MEDICAL CENTER, et al.

Plaintiffs,

v.

ROBERT F. KENNEDY, JR., Secretary, United States Department of Health and Human Services

Defendant.

Case No. 1:26-cv-00099-APM

**JOINT STATUS REPORT**

Plaintiffs and Defendant Robert F. Kennedy, Jr., Secretary of Health and Human Services (the "Secretary"), by and through their undersigned counsel, respectfully submit this Joint Status Report pursuant to the Court's Order of May 15, 2026 granting Defendant's Consent Motion to Stay. The parties have conferred and set forth below their respective positions on how the case should proceed, and their competing proposals for further proceedings.

**PLAINTIFFS' STATEMENT**

1. Plaintiffs are hospitals that serve a disproportionate share of low-income patients. They brought this action on January 14, 2026, under the Administrative Procedure Act, 5 U.S.C. § 706(1), and 28 U.S.C. §§ 1331 and 1361, seeking an order compelling the Secretary to administer and pay Medicare disproportionate share hospital ("DSH") reimbursement claims for fiscal year 2013 and prior that Plaintiffs contend have been unlawfully withheld and unreasonably delayed. The claims turn principally on the treatment of Medicare Part C days in the Medicare-SSI Fraction, and on the agency's processing of Plaintiffs' elective realignment requests.

2. Defendant moved to dismiss the original Complaint in April 2026 (ECF No. 9). Plaintiffs filed their First Amended Complaint on May 1, 2026 (ECF No. 14), and the Court denied the motion to dismiss as moot by Minute Order.

3. On May 14, 2026, Defendant filed a Consent Motion to Stay (ECF No. 15), asking the Court to stay this action until August 25, 2026, or until the entry of a final, non-appealable judgment in *Montefiore Medical Center v. Kennedy*, No. 1:24-cv-01810 (LLA) (D.D.C.) ("*Montefiore*"), whichever is sooner. Plaintiffs consented in the interest of judicial economy. The Court granted the motion on May 15, 2026 and directed the parties to submit a joint status report on or before August 25, 2026.

4. As the parties explained in seeking the stay, the relief sought in this action is related to the relief at issue in *Montefiore*, in which Judge AliKhan granted summary judgment against Defendant on September 30, 2025, holding CMS Rule 1739-F invalid as impermissibly retroactive. The purpose of the time-limited stay was to give the parties an opportunity to understand the impact of the remedial order in *Montefiore* and to confer regarding whether this case should remain stayed pending the disposition of *Montefiore* or instead presents issues that should be litigated separately.

5. Counsel for the parties conferred pursuant to Local Civil Rule 7(m). The parties were unable to agree on how the case should proceed. Defendant's position and Plaintiffs' position are set forth separately below. Each party's proposed next steps, and the relief each asks the Court to order, appear under Proposed Next Steps below.

6. Plaintiffs respectfully request that the stay be continued until the entry of a final, non-appealable judgment in *Montefiore*, with a further joint status report due February 25, 2027, or within thirty days of the entry of such a judgment, whichever is sooner. Plaintiffs oppose Defendant's proposed briefing schedule as premature.

7. Plaintiffs make this request reluctantly, and it should not be mistaken for acquiescence in further delay. The hospitals before the Court have waited between twelve and twenty years — and as to some claims, since the 1990s — for the Secretary to calculate and pay reimbursement that the courts settled long ago in *Northeast Hospital Corp. v. Sebelius*, 657 F.3d 1 (D.C. Cir. 2011), *Allina Health Services v. Sebelius*, 746 F.3d 1102 (D.C. Cir. 2014), and *Azar v. Allina Health Services*, 587 U.S. 566 (2019). Every further extension is, in Plaintiffs' view, further unreasonable delay, and Plaintiffs expressly reserve all rights arising from it, including their claim to interest under 42 U.S.C. § 1395oo(f)(2).

8. Plaintiffs also note the irony of the Defendant's request to litigate this matter: Defendant seeks to litigate whether Plaintiffs may be in this Court at all, when it is the Secretary's own Provider Reimbursement Review Board that closed the administrative door: on November 19, 2025, the Board dismissed every one of Plaintiffs' unreasonable-delay appeals for want of a "final determination" — the very determination Plaintiffs allege the Secretary has unreasonably failed to issue. Plaintiffs will address that issue in due course. Plaintiffs submit that it would be inefficient for the Court to spend time and resources on jurisdiction/due process questions before knowing whether the ultimate requested mandamus—whether the government is or is not required to pay the hospitals — is going to be answered in the *Montefiore* case, which is further along than this one.

9. When Plaintiffs do address the jurisdiction/due process question, they intend to make a Rule 56 Motion for Summary Judgment (or in the alternative, Partial Summary Judgment), including on the issues of Mandamus requiring a) the Provider Reimbursement Review Board to reinstate and decide the appeal on its merits, and b) the agency to pay the hospitals as should have occurred decades ago.

10. If the Court is inclined to move this case forward now rather than continue the stay, Plaintiffs respectfully request (a) that the Court convene a status conference before setting a schedule; (b) that any schedule accommodate Plaintiffs' intended motion for summary judgment, so that the threshold and merits questions are briefed together rather than *seriatim*; and (c) that the briefing schedule for Plaintiff's intended motion for summary judgment, and the Secretary's motion to dismiss, be set with moving paper filing dates no earlier than October 31, 2026, given the significance of the issues including the number of Plaintiff hospitals and fiscal years at issue. Thus, the dates Plaintiff would propose if the court is going to move forward would be:

| | |
|---|---|
| Moving Papers Plaintiff and Defendant: | October 31, 2026 |
| Opposition Papers: | November 30, 2026 |
| Reply: | December 20, 2026 |

**DEFENDANT'S STATEMENT**

11. In this case brought under the Administrative Procedure Act, Plaintiff alleges that the Secretary has unlawfully "fail[ed] to administer and pay claims to hospitals who serve a disproportionate share of low-income patients." First Am. Compl. (ECF No. 14) ¶ 2. The claims at issue date to fiscal years 2005-2013. *Id*. After Plaintiffs filed their First Amended Complaint, the Secretary requested (with Plaintiffs' consent) a "time-limited stay" to "discuss whether this case should remain stayed pending disposition of *Montefiore* or whether this case presents issues that should be litigated separately." Mot. Stay (ECF No. 15) ¶ 2. The Court granted the Secretary's motion in a Minute Order dated May 15, 2026.

12. Having studied Plaintiffs' amended complaint and Judge AliKhan's order in *Montefiore*, the Secretary's view is that this case presents threshold issues implicating this Court's jurisdiction over this matter. The Secretary proposes the parties brief those threshold issues to the Court in accordance with the schedule that follows:

| | |
|---|---|
| Defendant's Motion to Dismiss: | September 25, 2026 |
| Plaintiffs' Opposition: | October 30, 2026 |
| Defendant's Reply: | November 20, 2026 |

Plaintiffs identify what they describe as a "practical asymmetry" of briefing threshold issues in a motion to dismiss before summary judgment briefing on the merits, but any asymmetry follows from the Federal Rules of Civil Procedure rather than a preference of the Secretary.

**PROPOSED NEXT STEPS**

13. Plaintiffs request that the Court continue the stay of this action until the entry of a final, non-appealable judgment in *Montefiore*, and order the parties to file a further joint status report on or before February 25, 2027, or within thirty days of the entry of such a judgment, whichever is sooner. Plaintiffs' proposed order is submitted herewith.

14. The Secretary requests that the Court lift the stay and enter the briefing schedule set forth in Paragraph 12 above.

Dated: August 25, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/Andrew J. Vaden
ANDREW J. VADEN
D.C. Bar No. 1044860
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
Telephone: (202) 252-2437
Andrew.Vaden@usdoj.gov

*Attorneys for the United States*

Dated: August 25, 2026

Respectfully submitted,

By: /s/Ellen K. Wolf
Ellen K. Wolf (CA Bar No. 110686)
ewolf@wolfwallenstein.com
Christopher J. Cummiskey (CA Bar No. 244249)

ccummiskey@wolfwallenstein.com
**WOLF WALLENSTEIN, PC**
11400 West Olympic Boulevard, Suite 700
Los Angeles, California 90064
Telephone: (310) 622-1000
Facsimile: (310) 457-9087
*Admitted Pro Hac Vice*

Roya Vasseghi (DC Bar No. 1014058)
roya@vasseghibuddlaw.com
Toby Latham (D.D.C. Bar No. VA185)
toby@vasseghilaw.com
**VASSEGHI LAW GROUP**
9663-D Main Street
Fairfax, Virginia 22031
Telephone: (703) 215-9358
Facsimile: (703) 563-7401

*Attorneys for Plaintiffs*